UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN EDWARD LYONS, JR.,

                Plaintiff,

v.                                                          Case No. 23-cv-730-pp

BRENT DILGE, TYLER STEENBOCK
and SAM MESHNICK,

                Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Kevin Edward Lyons, Jr., who is incarcerated at the Shawano County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On June 13, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $15.74. Dkt. No. 5. The court received that fee on June 22, 2023. The plaintiff paid the rest of the filing fee on July 11, 2023. Because the plaintiff has paid the full filing fee, the court will deny as moot his motion for leave to proceed without prepaying the filing fee.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued Shawano Police Department Officers Brent Dilge, Tyler Steenbock and Sam Meshnick. Dkt. No. 1 at 1-2. He alleges that on December 5, 2022, he was sleeping in the tent he lives in when he heard his name called. Id. at 3. The plaintiff states that as he got up to answer he was hit in his face with a water jug, which caused him pain. Id. He says that he grabbed his face and rolled to his side, then was kicked in his feet, which caused him pain. Id. He says that as he was getting up to yell, he got kicked in the face. Id. The plaintiff says that when he got up to fight, he saw a gun, so he started running and then he heard someone yelling "Shawano Police." Id. He

3

allegedly stopped to look and he saw Shawano police officers coming from where his tent was located. Id.

The plaintiff alleges that he stopped and started yelling, asking why was he being assaulted, and Steenbock said he was being placed under arrest. Id. at 4. Two officers allegedly grabbed his arms and took him to the ground. Id. at 4. When he was taken to the patrol vehicle, the plaintiff allegedly refused to be placed in the vehicle. Id. The plaintiff alleges that Meshnick went around the vehicle, "jump[ed]" in the other door and grabbed the plaintiff's leg while Steenbock and Dilge threw him in the squad car which caused him to hit heads with Meshnick. Id. The plaintiff states that while being transported to the emergency room, Meshnick placed him in a chokehold; the plaintiff yelled that he couldn't breathe and Meshnick told him he was going away for assaulting him. Id. The plaintiff states that at the emergency room, his pants were pulled down and he got a shot in his side. Id. Staff allegedly gave him medication to fall asleep and when the plaintiff started yelling for help, they gave him another shot. Id.

The plaintiff claims that the defendants violated his constitutional rights. He seeks monetary damages and asks that the officers stop hurting people. Id. at 5.

C. Analysis

The court analyzes an arrestee's claim for excessive force under the Fourth Amendment's objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 388 (1989). "An officer's use of force is unreasonable if, judging

4

from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest." Gupta v. Melloh, 19 F.4th 990, 996 (7th Cir. 2021) (quoting Phillips v. Cmty. Ins. Corp., 678 F.3d 513, 519 (7th Cir. 2012)).

> A court must evaluate whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting that officer. *Graham*, 490 U.S. at 396 . . . (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Id.* "[I]ts proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Id.

The plaintiff alleges that the defendants used more force than necessary to arrest him and transport him to the hospital. At this early stage of the litigation, the plaintiff has alleged sufficient facts to allow him to proceed on a Fourth Amendment excessive claim against the defendants.

### III. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Brent Dilge, Tyler Steenbock and Sam Meshnick under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S.

5

Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Dilge, Steenbock and Meshnick to file a responsive pleading to the complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 22nd day of August, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**