# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN EDWARD LYONS, JR.,**

    **Plaintiff,**

v.                                                  Case No. 23-CV-730

**BRENT DILGE,** *et al.***,**

    **Defendants.**

## ORDER

On January 30, 2024, plaintiff Kevin Edward Lyons, Jr., filed a motion titled "Motion for Summary Judgment". (ECF No. 28.) After reviewing this motion, it appears it is actually a motion to compel the defendants to respond to his discovery requests wherein he requests a grant of summary judgment as a consequence for not fully responding to his discovery requests. As such, the court will construe it as a motion to compel. On April 29, 2024, Lyons filed a second motion to compel that is substantially similar to the first. (ECF No. 38.) The court will deny the first motion to compel as moot and resolve the second motion to compel in this order.

In his second motion to compel, Lyons stated he asked the defendants for "basic information in this lawsuit" (ECF No. 38 at 1.) According to Lyons, the defendants objected to his discovery requests as overbroad. He does not explain what interrogatories or requests for production of documents the defendants refused to answer and what specific information he does not have.

In response, the defendants state that Lyons made eight requests. For requests 1(A), 1(B), 1(C), 1(D), 2(B) and 2(D), the defendants informed Lyons that "no such documents have been located or that no such instances have occurred." (ECF No. 39 at 4.) For requests 2(A) and 2(C), Lyons requested a variety of health records from the defendants, stating they are relevant to Lyon's claims for excessive force. (*Id.*) The defendants stated there are no medical records that relate to Lyons's suit and to the extent that Lyons is requesting the defendants' entire medical records, they refused to provide them because the request was overbroad. (*Id.*) The defendants state they otherwise fully answered Lyons's discovery requests. (*Id.*)

For the requests where the defendants state that there are no records, the court cannot compel a party to produce something that does not exist. For the requests related to the defendants' medical records, the court agrees that requiring production of the defendants' entire medical records is overly broad and burdensome. Also, in the context of Lyons's claims, it does not appear that any sort of medical record would be relevant. The focus of an excessive force claim is what happened when excessive force was allegedly used. Medical records will not strengthen Lyons's claim that excessive force was used against him. Instead, Lyons simply needs to tell his version of events and support that with evidence. In briefly reviewing Lyons's response to the defendants' motion for summary judgment, Lyons was adequately able to communicate what he believes happened. His second motion to compel is denied.

**IT IS THERFORE ORDERED** that Lyons's first motion to compel (ECF No. 28) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Lyons's second motion to compel (ECF No. 38) is **DENIED**.

Dated in Milwaukee, Wisconsin this 29th day of July, 2024.

STEPHEN DRIES
United States Magistrate Judge